*Decision will be entered under Rule 50.*

EDMOND A. HUGHES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44113.   Promulgated January 8, 1931.

*Lloyd Anderson, Esq.*, for the petitioner.
*C. R. Marshall, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner moves for judgment on the pleadings, upon the ground, first, that the Commissioner has not determined a statutory deficiency under section 273 of the Revenue Act of 1926 or section 271 of the Revenue Act of 1928; second, that the alleged deficiency in tax represents an attempt on the part of the Commissioner to recover a tax erroneously refunded; third, that the amount of all taxes involved in this proceeding has been determined, assessed, and paid.

It was stipulated that the pertinent facts set out in the respondent's brief, which was prepared before and submitted at the hearing, were the true facts in this case as disclosed by the pleadings. They are as follows:

(1) Return for 1922 was filed on March 15, 1923 showing a net income of $43.676.43 wherein a loss of $22,900 was deducted on account of stock of the Beulah Coal Mining Co.

(2) Field audit for 1922 suggested acceptance of return 8-9-26.

(3) An amended return for 1922 was filed about November (9) 1926 showing an additional loss of $38,882.92 on the account of advances to the Beulah Coal Company.

(4) Claim for refund for 1922 for $3,685.95 filed about October 1926 based on amended return and $38,882.92 loss.

(5) Audit of 1922 return on 1-3-27 disallowed loss of $22,900 because no loss was. sustained due to reorganization.

(6) Claim for refund $3,685.95 was rejected 1-3-27 on ground of reorganization and no loss.

(7) Amended return for 1924 filed about January 17. 1927 wherein a loss of $38.882.92 was claimed—this loss is same claimed for 1922.

(8) Claim for refund for 1924 in amount of $7,418.10 filed about 1-21-27 on basis of amended 1924 return and loss of $38,882.92.

(9) Protest submitted by taxpayer on 1-17-27 to disallowance of losses in 1922.

(10) Protest acknowledged 2–1–27.

(11) After consideration of protest and affidavits loss of $22,900 was allowed for 1922 in letter dated 2–15–27.

(12) Amended return for 1924 audited about March 1927 and loss of $38,-882.92 allowed on basis of affidavit and amended return.

(13) Overassessment issued for $7,780.36 plus interest for 1924 in May 1927.

(14) Agent's reports for 1924 made 2–28–29 and recommended disallowance of loss in 1924 as no loss was sustained—new facts disclosed.

(15) Notice of deficiency for 1924 mailed taxpayer on March 8, 1929 showing a proposed deficiency of $7,780.36 computed as follows:

| | |
|---|---:|
| Tax assessed (and paid) | $8,357.72 |
| Less overassessment (Rf.) | 7,780.36 |
| Net assessed | 577.36 |
| Correct tax liability | 8,357.72 |
| Deficiency | 7,780.36 |

Above audit discloses that revised audit was based on agent's report of 2–28–29.

(16) Taxpayer filed appeal 5–6–29.

(17) Answer filed 6–24–29 (all material allegations as to errors and facts denied).

(18) Amended petition filed 6–25–29.

(19) Answer to amended petition filed 8–21–29 (Denied all material allegations of error and facts).

(20) Motion to dismiss filed by taxpayer 7–9–30.

(31) Set for hearing on motion 8–13–30.

The real question presented is whether there was a statutory deficiency asserted by the respondent for the year 1924.

The respondent's letter in which he notified the petitioner of the proposed deficiency for 1924 was mailed on March 8, 1929, and the petition was filed May 6, 1929.

The Revenue Act of 1928, section 271, defines a deficiency as follows:

As used in this title in respect of a tax imposed by this title "deficiency" means—

(a) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; * * *

The Revenue Act of 1924 and the Revenue Act of 1926 contain the same definition.

Under the terms of the above definition the respondent has asserted a deficiency in this case. The statute does not require that the amount asserted by the Commissioner exceed the amount shown on the return as the tax, but the amount shown on the return decreased by the amounts previously credited, refunded or otherwise

repaid should be considered together in determining whether there is a deficiency. The amount now asserted by the Commissioner as a deficiency exceeds the amount shown as the tax on the return decreased by the amount previously refunded.

The petitioner relies upon, section 610 (b) of the Revenue Act of 1928 as being the exclusive remedy afforded the Commissioner for the recovery of amounts erroneously refunded. That provision, however, has no application to this proceeding. It relates only to collections of amounts previously refunded erroneously under the provisions of section 608; that is, where a refund was made after the enactment of the 1928 Act after the expiration of the period of limitation for filing of a claim therefor, with certain exceptions not here pertinent. This case does not involve a refund erroneously made under section 608, but was a refund which the Commissioner subsequently determined to have been erroneously made wholly independent of the statute of limitations. Section 610 of the 1928 Act in any event was not intended to deprive the Board of jurisdiction to hear and determine deficiencies as defined by the statute.

The petitioner also contends that the Commissioner is estopped from determining a deficiency in tax for the calendar year 1924, upon the ground that he had previously allowed a refund in the same amount. The question on this issue does not involve the right of a succeeding Commissioner to revise the action of his predecessor, but whether the Commissioner himself could revise his own action within the statutory period applicable thereto. We think that our previous decisions are conclusive on this issue, to the effect that the Commissioner had the right to reconsider the petitioner's tax liability, and the fact that he had granted a refund does not estop him from revising such action and asserting a deficiency. *First National Bank of Plattsburg*, 4 B. T. A. 478; *J. I. R. Henry et al.*, 13 B. T. A. 279. See also *Dallas Brass & Copper Co.*, 3 B. T. A. 856; *McIllhenny* v. *Commissioner*, 39 Fed. (2d) 365; *Porter* v. *Commissioner*, 39 Fed. (2d) 360.

For the reasons aforesaid, it is our opinion that the Commissioner has asserted a deficiency for the year involved and that the Board has jurisdiction to hear and determine the issues. The motion of the petitioner entitled a " Motion for judgment on the pleadings," which is in effect a motion to dismiss for lack of jurisdiction, is denied.

The proceeding will be restored to the calendar for hearing in due course on the merits.